## BRINKERHOFF'S EXECUTORS *vs.* BANTA.

Under an appointment by the *cestui que trust,* of a trustee to receive money and to pay it over to him, the trustee bought goods for his *cestui que trust,* of firms in which he was interested. The goods were sold at the usual prices. The interest of the trustee in the firms, and the want of vouchers for the payments, or of some written evidence of authority from the *cestui que trust* to make such payments—*held* to be no valid objection to their allowance, if actually made by the trustee.

The cause was heard on bill, answer, and proofs.

*Mr. L. Zabriskie,* for complainant.

*Mr. C. H. Voorhis,* for defendant.

THE CHANCELLOR.

The complainants, executors of the last will and testament of James H. Brinkerhoff, deceased, late of the county of Bergen, file their bill for an account. The testator, being a man of intemperate habits, was induced by his friends to place certain moneys belonging to him, in the hands of the late R. R. Paulison, to be held and invested, in trust for him. Subsequently thereto, and on the 15th of October, 1869, he, under like inducement, assigned to the defendant all interest money then due to him, or which thereafter should become due to him, during his natural life, in trust to receive the same, and give proper receipts and discharges therefor in his, Brinkerhoff's name, or otherwise ; and to pay over the same, after deducting expenses and proper charges for his services, to him, Brinkerhoff, from time to time, in such sums and at such times as the defendant should, in his judgment, deem best and most conducive to Brinkerhoff's personal benefit ; and to pay over to Brinkerhoff's executors or administrators any balance of the moneys which, at Brinkerhoff's death, might remain in his hands. The defendant accepted the

trust, and, as he claims, executed it, until the death of Brink-erhoff, and since then has been ready to pay over the balance of money remaining in his hands. Brinkerhoff died on the 17th of February, 1873. After his death, the complainant called on the defendant for an account of his trust. He appears to have given it unhesitatingly and fully. He placed his vouchers in their hands, with a statement of the account, and gave them all the time and opportunity they desired to examine them. They seem to have been unwilling to allow the account, for the reason that he had no vouchers from Brinkerhoff for a very considerable part of it, consisting of payments made by him up to September, 1871, to the firm of John H. Banta and Sons, and John H. Banta and Son, its successor, of which firms he was a member; and to the firm of Banta Brothers, composed of the defendant's two sons, successors of the firm of John H. Banta and Son, from that time to the time of the death of the testator. No doubt is suggested as to his having charged himself with all his receipts. The question raised and discussed on the argument was, whether the defendant should be allowed the money paid to the firms above mentioned, seeing that he had no written evidence of authority from Brinkerhoff to make those payments; and seeing, also, that he was interested in the first two firms, and presumably made a profit from the sale of the goods furnished by them to Brinkerhoff. The evidence shows that the goods were sold at the usual prices. If they were paid for by the defendant, the latter should be allowed the amount so paid by him. He was trustee to receive money for Brinkerhoff, and to pay it over to him. The payment of Brinkerhoff's just debts was, in effect, a payment to him.

There will be a reference to a master to take and state the account. All questions as to commissions will be disposed of on the coming in of the report.